IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| HAROLD LeROY McCRAY | § | |
| --- | --- | --- |
| Petitioner, | § | |
| VS. | § | NO. 3-07-CV-0940-D |
| NATHANIEL QUARTERMAN, Director Texas Department of Criminal Justice, Correctional Institutions Division | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Harold LeRoy McCray, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of aggravated assault with a deadly weapon. Punishment, enhanced by a prior felony conviction, was assessed at 27 years confinement. His conviction and sentence were affirmed on direct appeal. *McCray v. State*, No. 05-04-00967-CR, 2005 WL 1983586 (Tex. App.--Dallas, Aug. 18, 2005, no pet.). Petitioner also filed two applications for state post-conviction relief. Both applications were denied without written orders. *Ex parte McCray*, No. 18,030-08 (Tex. Crim. App. Oct. 4, 2006); *Ex parte McCray*, No. 18,030-09 (Tex. Crim. App. May 2, 2007). Petitioner then filed this action in federal district court.[1]

---

[1] A prior federal writ filed by petitioner was dismissed without prejudice for failure to exhaust state remedies. *McCray v. Dretke*, No. 3-05-CV-1160-D, 2006 WL 1882007 (N.D. Tex. Jul. 7, 2006).

II.

In four grounds for relief, petitioner contends that: (1) he received ineffective assistance of counsel; (2) he should have been sentenced to time served; (3) the evidence was insufficient to support his conviction; and (4) his sentence is illegal.

A.

Petitioner first contends that he received ineffective assistance of counsel because his attorney failed to subpoena two witnesses, Karen Frye and Glenn Lilly, who would have testified that petitioner never had a baseball bat or knife in his possession and that the complaining witness had attacked him several days before the alleged assault.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Strickland*, 104 S.Ct. at 2067.

Where, as here, a state court has already rejected an ineffective assistance of counsel claim, a federal court may grant habeas relief only if the state court adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1523. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

2.

Petitioner contends that his attorney was ineffective for failing to subpoena Karen Frye and Glenn Lilly. In an affidavit filed with the state habeas court, petitioner's former attorney, William Johnson, testified that either he or his investigator contacted all available witnesses in the case. Frye told the investigator that she did not witness the assault and could only testify that petitioner was a violent person. Although Johnson did not recall speaking to Lilly, he did remember that none of the potential witnesses interviewed by him or his investigator had any evidence favorable to the defense. *See Ex parte McCray*, No. 18,030-09, Supp. Tr at 5. The state court accepted this explanation and found that petitioner received effective assistance of counsel. *Id.* Petitioner has failed to adduce any evidence, much less clear and convincing evidence, to rebut that finding. Nor has he proffered the

missing testimony of Frye and Lilly. Without this evidence, the court cannot begin to analyze a claim of ineffective assistance of counsel. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

B.

Petitioner also believes that he should have been sentenced to time served on the recommendation of a psychiatrist who testified at trial. This claim was also considered and rejected on state collateral review. As the state habeas court correctly noted, the recommendation of a psychiatrist regarding punishment is not binding. *Ex parte McCray*, No. 18,030-08 at 29. Petitioner offers nothing to rebut that finding.

C.

In two grounds for relief, petitioner contends that: (1) the evidence was insufficient to support his conviction; and (2) his sentence is illegal. Respondent counters that both claims are procedurally barred from federal habeas review.

1.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). The state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct 1038, 1043, 103 L.Ed.2d 308 (1989); *Smith v. Collins*, 977 F.2d 951, 955 (5th Cir. 1992), *cert. denied*, 114 S.Ct. 97 (1993). To be an adequate ground for denying relief, the state procedural rule must be strictly or regularly applied to similar claims. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982); *Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999). A petitioner can overcome a procedural default only by showing: (1) cause for the default and actual

prejudice; or (2) that the application of the state procedural bar would result in a fundamental miscarriage of justice. *See Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000).

2.

Petitioner did not challenge the sufficiency of the evidence on direct appeal. Instead, he raised this argument for the first time in an application for state post-conviction relief. Because Texas law does not allow a prisoner to collaterally attack the sufficiency of the evidence in a writ of habeas corpus, *see Ex parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App. 1981), *cert. denied*, 102 S.Ct. 481 (1982),[2] the state habeas court rejected this claim on procedural grounds. *Ex parte McCray*, No. 18,030-08 at 30. Petitioner is therefore procedurally barred from challenging the sufficiency of the evidence on federal habeas review. *See Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994); *Clark v. Dretke*, No. 3-03-CV-0844-K, 2003 WL 23194586 at *3 (N.D. Tex. Oct. 28, 2003), *rec. adopted*, 2003 WL 23015087 (N.D. Tex. Nov. 14, 2003), *appeal dism'd*, No. 03-11321 (5th Cir. Mar. 24, 2004).

2.

Nor can this court consider petitioner's claim that the "judge gave me more time than my sentence allowed." This ground for relief was not raised by petitioner on direct appeal or in any of his prior state writs. While a federal court has limited discretion to stay a habeas petition and hold

---

[2] Texas law permits a defendant to raise a "no evidence" claim for the first time on collateral review where the conviction is totally devoid of any evidentiary support. *See Ex parte Barfield*, 697 S.W.2d 420, 421 (Tex. Crim. App. 1985); *Ex parte Coleman*, 599 S.W.2d 305, 307 (Tex. Crim. App. 1978). However, where a defendant merely challenges the sufficiency of the evidence to support a conviction, such a claim must be raised on direct appeal. *See Ex parte Williams*, 703 S.W.2d 674, 679-80 (Tex. Crim. App. 1986). Here, petitioner tacitly concedes that there was some evidence to support his conviction. The crux of his claim, as presented on state collateral review, is that there were no fingerprints or handprints found on the bat used in the assault and the state produced only "two lying witnesses." *See Ex parte McCray*, No. 18,030-08 at 7. Such an argument implicates the sufficiency of the evidence and cannot be litigated under the guise of a "no evidence" claim. *See Gardner v. Dretke*, No. 3-04-CV-1074-G, 2004 WL 2008499 at *1 n.1 (N.D. Tex. Sept. 8, 2004), *rec. adopted*, 2004 WL 2187110 (N.D. Tex. Sept. 28, 2004), *citing Williams*, 703 S.W.2d at 679-80.

it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005), Texas law prohibits a prisoner from filing a second or successive habeas petition if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon Supp. 2005).[3] This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07, § 4. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

The court finds that a Texas court, if presented with a successive writ filed by petitioner challenging the length of his sentence, would likely find it barred. Consequently, federal habeas relief is not proper. *Coleman*, 111 S.Ct. at 2557 n.1; *see also Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

---

[3] The statute provides, in relevant part, that:

> (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 28, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE